## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

(1) LAWRENZ SPECIALTY GROUP, INC., )
)
          Plaintiff, )
)
vs. ) Case No. 16-cv-00548-TCK-PJC
)
(1) PENTACON, LLC; and )
(2) FEDERAL INSURANCE COMPANY, )
)
          Defendants. ) JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Lawrenz Specialty Group, Inc. ("Lawrenz") for its causes of action against the referenced Defendants, states:

1. Lawrenz is a corporation organized under the laws of the State of Kansas.

2. Defendant PentaCon, LLC ("PentaCon") is a limited liability company organized under the laws of the State of Oklahoma.

3. Defendant Federal Insurance Company ("FIC") is a surety company with its principal place of business, upon information and belief, in the State of New Jersey, but is domesticated to do business in the State of Oklahoma.

4. This Court has jurisdiction over the subject matter of Lawrenz's Miller Act claim set forth in Count III by virtue of 28 U.S.C. § 1331 *et seq*.

5. This Court has jurisdiction over the subject matter of Lawrenz's claims set forth in Counts I and Count II by virtue of 28 U.S.C. § 1367, as those claims are so related to Lawrenz's Miller Act claim that they form part of the same case or controversy.

6. The Subcontract Agreement which governs the relationship between Lawrenz and PentaCon provides that the venue of any action between the parties is to lie in either Tulsa County District Court or the United States Northern District of Oklahoma.

## Count I – Breach of Contract

For its first cause of action, Lawrenz incorporates paragraphs 1 through 6 herein by reference and further states:

7. On February 5, 2015, Lawrenz and PentaCon entered into a Subcontract Agreement (the "Contract") pursuant to which Lawrenz agreed to provide certain masonry work at the McConnell KC-46A Pipeline Dormitory at the McConnell Air Force Base in Wichita, Kansas (the "Project").

8. A copy of the Contract is attached hereto as Exhibit A.

9. Beginning July, 2015 and through at least February 12, 2016, Lawrenz performed all work required under the Contract and requested by PentaCon and the United States Army Corp of Engineers, including punch list work.

10. Pursuant to the Contract, PentaCon was to pay Lawrenz the sum of $389,640.00, but this base amount was reduced to $388,752.00 due to change orders.

11. A copy of a Change Order from PentaCon reflecting the new Contract amount in the sum of $388,752.00 is attached hereto as Exhibit B.

12. Although Lawrenz performed its work in a workmanlike fashion and submitted pay applications or invoices in the aggregate sum of $388,752.00, PentaCon only paid Lawrenz a total of $285,534.00, leaving an unpaid balance of $103,218.00.

13. PentaCon's excuse for failing to pay Lawrenz the remaining $103,218.00 is that Lawrenz is responsible for thirty-six days of PentaCon's delay in construction of the Project;

however, Lawrenz diligently performed its work and any delays were caused by weather, sequence of construction issues and factors attributable to others.

14. By refusing to pay the remaining balance owed under the Contract, PentaCon has breached the Contract.

15. Lawrenz is therefore entitled to recover judgment against PentaCon in the sum of $103,218.00, plus interest accrued and accruing thereon.

16. Lawrenz further requests that the provision in PentaCon's Contract attempting to negate Lawrenz's statutory right to recover attorney's fees and costs be determined unenforceable as it violates public policy and is unconscionable; Lawrenz should be entitled to recover its attorney's fees and costs from PentaCon.

## Count II – *Quantum Meruit* and/or Unjust Enrichment

For its second cause of action, Lawrenz incorporates paragraphs 1 through 16 herein by reference and further states:

17. Lawrenz furnished masonry labor and materials to PentaCon with an expectation that it would be fully paid.

18. PentaCon accepted Lawrenz's work and would unfairly benefit therefrom if it does not fully pay Lawrenz.

19. In the alternative to its breach of contract cause of action, Lawrenz is entitled to recover judgment against PentaCon under the principles of *quantum meruit* and/or unjust enrichment for the value of its work.

20. Lawrenz is therefore entitled to recover judgment against PentaCon in the sum of $103,218.00, plus attorney's fees, costs and interest accrued and accruing thereon.

## Count III - Claim Against Payment Bond Number 8233-05-60

For its third cause of action, Lawrenz incorporates paragraphs 1 through 20 herein by reference and further states:

21. The masonry labor and materials which Lawrenz furnished under the Contract improved the Project and were essential for the construction thereof to be completed.

22. Because the Project is a federally-owned public works project, Lawrenz was precluded from filing a lien against the underlying real property in question.

23. Pursuant to 40 U.S.C. § 3131 *et seq.*, PentaCon furnished a payment bond in favor of the United States of America in the penal sum of $7,306,162.00 for the benefit of any unpaid laborers or materialmen on the Project (the "Bond").

24. A copy of the Bond, styled Bond Number 8233-05-60, is attached hereto as Exhibit C.

25. Lawrenz timely and properly perfected a claim against the Bond.

26. FIC is serving as the surety on the Bond and should therefore be required to appear herein and establish its position in this dispute, if any.

27. As a subcontractor which furnished valuable labor and materials to the Project for which it has not been fully paid, Lawrenz is entitled to judgment *in rem* against the Bond in the sum of $103,218.00, plus attorney's fees, costs and interest accrued and accruing.

WHEREFORE, Plaintiff Lawrenz Specialty Group, Inc. respectfully requests the Court to enter judgment as follows:

A. *In personam* against Defendant PentaCon, LLC in the sum of $103,218.00, plus attorney's fees, costs and interest accrued and accruing; and

B.   *In rem* against the Bond in the sum of $103,218.00, plus attorney's fees, costs and interest accrued and accruing.

          Respectfully submitted,

          ROBINETT, SWARTZ & AYCOCK

By:   /s/ Tracy W. Robinett
      Tracy W. Robinett, OBA No. 13114
      Charles R. Swartz, OBA No. 22313
      Dylan T. Duren, OBA No. 31837
      624 South Boston Avenue, Suite 900
      Oklahoma, Oklahoma 74119
      (918) 592-3699
      (918) 592-0963 *facsimile*

*Attorneys for Plaintiff Lawrenz Specialty Group, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

I hereby certify that on August 18, 2016, I served the same document by:

\_\_\_ U.S. Postal Service           \_\_\_ In Person Delivery

\_\_\_ Courier Service               \_\_\_ E-Mail

 X   Certified Mail

on the following, who are not registered participants of the ECF system:

    PentaCon, LLC
    c/o its registered service agent
    John E. Harper
    Barrow & Grimm
    110 West Seventh Street, Suite 900
    Tulsa, Oklahoma  74119

    Federal Insurance Company
    c/o Commissioner of Insurance for the
    State of Oklahoma
    Five Corporate Plaza
    3625 NW 56th, Suite 100
    Oklahoma City, Oklahoma  73112

                                         /s/ Tracy W. Robinett